IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br>Plaintiff<br>vs<br>SAINT MARCO'S ELEMENTARY SCHOOL, INC.; LOURDES GONZÁLEZ ALVAREZ; OLGA RODRIGUEZ CASILLAS; MARCO GONZALEZ ALVAREZ<br>Defendants | CIVIL 17-1161CCC |

**OPINION AND ORDER**

On February 2, 2017, Bautista Cayman Asset Company ("Bautista Cayman" or "plaintiff") filed a complaint against Saint Marco's Elementary School, Inc. ("Saint Marco's"), Lourdes González Alvarez ("Lourdes González"), Olga Rodríguez Casillas ("Olga Rodríguez") and Marco González Alvarez ("Marco González") (collectively "defendants"), for collection of monies and foreclosure of mortgage. In its complaint, Bautista Cayman requested the payment of $742,257.89, which is comprised of the following amounts: $651,701.04 in principal; $17,559.72 accrued interest as of December 21, 2016; $1,597.20 for late charges; $69,399.93 agreed legal expenses; $2,000.00 for other fees and expenses; plus interests, costs and expenses accrued after December 31, 2016. In the absence of payment in full by defendants, Bautista requested the foreclosure of a mortgage note guaranteed

CIVIL 17-1161CCC                    2

with a mortgage on a property located in Guayama, Puerto Rico. Defendants answered the complaint on April 10, 2017.

On August 22, 2017, plaintiff filed a motion for summary judgment. (**d.e. 21**). Defendants failed to oppose after being granted several extensions of time to do so. In light of the foregoing, the Court finds the following facts to be uncontested:

**I.    UNCONTESTED MATERIAL FACTS**

1. Bautista Cayman Asset Company is an exempt, for-profit corporation, organized and existing pursuant to the laws of the Cayman Islands. Bautista's offices are registered in Maples Corporate Services Limited, P.O. Box 309, Ugland House, Gran Cayman, KY1-1104, Cayman Islands. Bautista's principal place of business is located at 301 Commerce Street, Suite 3300, Fort Worth, Texas 76102.

2. On April 28, 2005, codefendants, Saint Marco's Elementary School, Inc. (formerly known as Mi Jardín Infantil Preschool Learning Center, Inc.), and Lourdes González received a mortgage loan from Doral Bank, which repayment obligation was evidenced with a mortgage note ("Mortgage Note") in the amount of $750,00.00, repayable with an annual interest rate of 7.50%, and due on May 1, 2013 (the "Loan").

3. On that same date, codefendant Lourdes González subscribed a Balloon Note Addendum and Deed Number 183 of First Mortgage before Notary Public Víctor R. Núñez Arco (the "Loan Documents"). The Mortgage

CIVIL 17-1161CCC                                              3

Note encumbers the property herein described in the Spanish language as follows:

> RUSTICA: Predio de terreno número siete sito en el Barrio Machete del término municipal de Guayama Puerto Rico. Colinda por el Norte con la carretera de acceso; por el Sur con Parque Interamericano; por el Este con el solar ocho y por el Oeste con el solar seis. Tiene una cabida de seis mil novecientos dieciocho punto cuarenta y cuatro metros cuadrados.
>
> Inscrita al ciento noventa y nueve del Tomo trescientos noventa de Guayama Finca número trece mil novecientos treinta y dos del Registro de la Propiedad de Guayama.

4. The property is recorded at page 199 of book 390, property number 13932 of the Registry of the Property of Guayama.

5. The mortgage was modified pursuant to the terms of Deed 489, of Modification of Mortgage, executed on September 30, 2006, before notary public Eder Enrique Ortiz Ortiz, to change the dates on which payments under the Loan were due and to reduce the principal to $693,999.26.

6. On April 17, 2014, Saint Marco's Elementary School, Inc. as debtor; Lourdes González Alvarez, Olga Rodríguez Casillas and Marco González Alvarez as guarantors, subscribed a Promissory Note in the amount of $683,030.00, due on April 17, 2014, under affidavit 7,269, before Notary Public Gadiel O. Rosario Rivera.  On that same date, the following documents were also executed by some or all of the defendants:

   (a)   Saint Marco's and Lourdes González as debtors; and Olga Rodríguez and Marcos González as guarantors; Loan Agreement authenticated under affidavit 7,270, before Notary Public Gadiel O. Rosario Rivera.

CIVIL 17-1161CCC                        4

   (b)   Saint Marco's and Lourdes González Alvarez, as debtors; Lourdes González as guarantor and pledger and; Marco González and Olga Rodríguez as guarantors; Security and Pledge Agreement, authenticated under affidavit 7,271, before Notary Public Gadiel O. Rosario Rivera.

   (c)   Saint Marco's and Lourdes González; Financing Statement, authenticated under affidavit 7,272, before Notary Public Gadiel O. Rosario Rivera.

   (d)   Marco González and Olga Rodríguez; Letter of Continuing Guaranty under affidavit 7,274, before Notary Public Gadiel O. Rosario Rivera.

   (e)   Marco González and Olga Rodríguez; Letter of Continuing Guaranty under affidavit 7,275, before Notary Public Gadiel O. Rosario Rivera.

   (f)   Lourdes González, Deed Number 159 of Modification of Mortgage and Mortgage Note; before Notary Public Gadiel O. Rosario Rivera.

   7.   Pursuant to Deed Number 159 of Modification of Mortgage and Mortgage Note, the principal amount of the mortgage was modified to $693,999.26, becoming due upon presentation, and its annual interest rate was fixed at 10%.[1]

---

[1] The documents referred to in paragraphs 5, 6 and 7 are identified as the "Modified Loan Documents."

CIVIL 17-1161CCC                              5

    8.    Marco González and Olga Rodríguez became guarantors of all amounts due under the loan.

    9.    Bautista Cayman acquired the Loan, the Loan Documents, the Mortgage Note and the Loan Modified Documents on March 27, 2015, by agreement with the Federal Deposit Insurance Company.

    10.    Bautista is the holder in due course of the Mortgage Note.

    11.    Defendants defaulted on their obligations by failing to make the payments as agreed upon in the Loan, Loan Documents and Modified Loan Documents. As a consequence, the whole outstanding balance has become due and payable.

    12.    As of July 26, 2017 defendants owed Bautista the following amounts: principal $651,701.04; interests $36,567.67; late charges $2,795.10; agreed legal expenses $69,399.93; other fees and expenses $2,000.00; for a total of $762,463.74.

## II.    LEGAL ANALYSIS

### A.    Rule 56 Standard for Summary Judgment

The role of summary judgment in civil litigation is commonplace, "to pierce the boilerplate of the pleadings and assay the parties' proof to determine whether trial is actually required." McCarthy v. Northwest Airlines, 56 F.3d 313, 314 (1st Cir. 1985) (citing Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st 1992)). Thus, this "device allows courts and litigants to avoid full blown trials in unwinnable cases, thus conserving parties'

CIVIL 17-1161CCC				6

time and money, and permitting the court to husband scarce judicial resources." Id. at 315.

Federal Rule of Civil Procedure 56(a) provides that: "[a] party seeking to recover upon a claim . . . may, at any time, after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." The Court may grant the movant's motion for summary judgment when "the pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); NASCO, Inc. v. Pub. Storage, Inc., 29 F.3d 28 (1st Cir. 1994). "[T]he principal judicial inquiry required by Rule 56 is whether a genuine dispute as to material fact exists." Wright, Miller & Kane, Federal Practice and Procedure § 2725 (4th ed.) (2017).

The procedure authorized by Rule 56 "is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved." Id. at § 2712. In order to grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and also, whether such issues are also "genuine." Anderson, 477 U.S. at pp. 247-248.

CIVIL 17-1161CCC                                7

A "material issue" is one that affects the outcome of the litigation; therefore, if a factual issue is not relevant to the resolution of the controlling legal issues, summary judgment should be granted. <u>Pignons S.A. de Mecanique de Precision v. Polaroid Corp.</u>, 657 F.2d 482 (1st Cir. 1981); <u>Finn v. Consolidated Rail Corp.</u>, 782 F.2d 13 (1st Cir. 1986); <u>Molinos de Puerto Rico v. Sheridan Towing Co.</u>, 62 F.R.D. 172 (D.P.R. 1973). As stated by the Supreme Court," . . . the materiality determination on a motion for summary judgment rests on the substantive law, and it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." <u>Anderson</u>, 477 U.S. at 248.

When, as here, the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment, the non-moving party bears the burden of showing the existence of some factual disagreement sufficient to defeat the motion. However, the burden is satisfied only if the cited disagreement relates to a genuine issue of material fact. <u>Id</u>. at 247-248. "In this context, 'genuine issue' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party [and] 'material' means that the fact is one that might affect the outcome of the suit under the governing law." <u>United States v. One Parcel of Real Property, Etc.</u>, 960 F.2d 200, 204 (1st Cir. 1992). Therefore, a factual issue is material if it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment. <u>U.S. Fire Ins. Co. v. Producciones Padosa, Inc.</u>, 835 F.2d 950, 953 (1st Cir. 1987).

CIVIL 17-1161CCC                              8

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing, Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgement has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Mendez-Laboy v. Abbott Labs., Inc., 424 F.3d 35, 37 (1st Cir. 2005) (quoting, Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). "The nonmovant must 'produce specific facts, in suitable evidentiary form sufficient to limn a trial-worthy issue . . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence).

**B.     General Contract Law**

Under Puerto Rico law, according to our Civil Code, there is a "contract from the time one or more persons agree to bind themselves with respect to other or others, to give something or render a service." Laws of P.R. Ann., Tit. 31 § 3371. Article 1206 of the Civil Code prescribes the principle of

CIVIL 17-1161CCC                9

freedom to contract, which permits persons to establish the contractual covenants, clauses, and conditions which they so desire, as long as they do not contravene the laws, morality or the public order.  Id.; De Jesús González v. A.C., 148 D.P.R. 255, 263-64 (1999).  As a result, within the context of the aforementioned limitations, "the type of agreement that can be reached by contracting parties is only limited by the parties' imagination and their will to contract is the supreme law between them." Arthur Young & Co. v. Vega, 136 D.P.R. 157, 169-70 (1997), 1994 Juris P.R. 75 (1997).

Article 1213 of the Civil Code lists the requirements of the contract and establishes that "[t]here is no contract unless the following requirements concur: (1) Consent of the contracting parties; (2) Object of the contract; (3) Cause of the obligation that is established."  Laws of P.R. Ann., Tit. 31 § 3391.  See also Danosa Caribbean v. Santiago Metal, 179 D.P.R. 40, 45 (2010), 2010 Juris P.R. 86 (2010).  Contracts, pursuant to the Civil Code, are perfected by mere consent, and every party is bound from the time of consent not only to comply with what is expressly agreed upon, but also with the consequences that, according to their nature, are consistent with good faith, custom, and the law.  Civil Code, Article 1211, Laws of P.R. Ann., Tit. 31 § 3376; Unisys v. Ramallo Bros. Printing Co., Inc., 128 D.P.R. 842, 852 (1991); Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 345-46 (1989).  In addition, it is a clearly established legal axiom that the pact and agreements made by the parties to a contract have legal force and should be fulfilled in accordance thereto.  Civil Code, Article 1044, Laws of P.R. Ann., Tit. 31 § 2994; García v.

CIVIL 17-1161CCC                           10

World Wide Entmt. Co., 132 D.P.R. 378, 384 (1992).  Moreover, when the terms, conditions, and exclusions of a contract are clear, specific, and give no margin to ambiguities or different interpretations, they are the rule to apply. Civil Code, Article 1233, Laws of P.R. Ann., Tit. 31 § 3471; Curbelo v. A.F.F., 127 D.P.R. 747, 760 (1991).  The courts of justice, thus, cannot free a party from fulfilling what it contractually agreed to, when said contract is legal and valid, and does not have any defects.  Constructora Bauzá v. García López, 129 D.P.R. 579, 593 (1991).

**C.     Statutory Mortgage Provisions**

One of the most common contracts in our jurisdictions is the loan agreement, whereby "one of the parties provides to the other, . . . money or some other fungible object, with the condition of returning another of the same type and amount . . . ."  Civil Code, Article 1631, Laws of P.R. Ann., Tit. 31 § 4511.  A loan agreement is a unilateral obligation which must specify the amount of money loaned and received, as well as the terms of repayment to the creditor.  José R. Vélez Torres, Curso de Derecho Civil. Derecho de Contratos, Tomo IV, Vol. II, Inter American University of Puerto Rico, Law School, at 451-55 (1997).  The person who receives the money loaned becomes the owner of such money, but at the same time is obligated to repay such amount, plus the agreed-upon interest.  Civil Code, Articles 1644-1646, Laws of P.R. Ann., Tit. 31 §§ 4571-4573.  A loan agreement should contain, among other things, a provision as to how and when the debt shall be considered "paid."  That way, the debtor is obliged to return the loaned item,

CIVIL 17-1161CCC                           11

as agreed-upon, and the creditor is limited to wait for the expiration of the term in order to receive the loaned item.  See Vélez Torres, *supra*, at 453 and 455.

As far as payment of the obligations are concerned, a creditor has the right to demand full payment and cannot be forced to accept partial payments. Civil Code, Article 1121, Laws of P.R. Ann., Tit. 31 § 3171.  This right preserves the integrity of the debt, which, in turn, highlights the fact that an obligation will not be deemed extinguished until the totality of the debt has been repaid.  Civil Code, Article 1111, Laws of P.R. Ann., Tit. 31 § 3161.

According to the uncontested facts in the case at bar, defendants have defaulted on their obligations under the Loan, Loan Documents, Mortgage Note and Modified Loan Documents, by failing to pay the amounts due therein under its terms.

### III.   CONCLUSION

There being no real controversy regarding the material facts of the case and having reviewed the dispositive motion filed by Bautista Cayman and the accompanying documents, Bautista Cayman's Motion for Summary Judgment (**d.e. 21**) is GRANTED.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2018.

S/CARMEN CONSUELO CEREZO<br>
United States District Judge